IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORRY FULFORD                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:14cv903-FKB

GLORIA PERRY, et al.                                                                       DEFENDANTS

OPINION AND ORDER

Corry Fulford is a state prisoner currently incarcerated at the Central Mississippi Correctional Facility (CMCF). He brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care. Presently before the Court is the motion of Defendants for summary judgment [36] and Plaintiff's cross motion for summary judgment [38].

Plaintiff suffers from kidney disease, for which he undergoes regular dialysis treatment. Plaintiff contends that dialysis makes him ill and that he is in need of a kidney transplant. He also alleges that during a period of federal custody, medical professionals recommended that he receive a kidney transplant and that Mississippi prison officials have failed to follow that recommendation. He seeks a declaratory judgment that his rights have been violated, an injunction requiring prison officials to arrange a kidney transplant for him, and monetary damages.

In support of their motion, Defendants have submitted the affidavit of Dr. Gloria Perry, the Chief Medical Officer of the Office of Medical Compliance of the Mississippi Department of Corrections (MDOC). In her affidavit, Dr. Perry states that she has reviewed Plaintiff's medical file and that it contains no indication that he is "in dire need of a kidney transplant" as he alleges. Dr. Perry states that his records indicate that he can be maintained on hemodialysis without major issues. She also states that MDOC has

been provided with no documentation indicating that there has been a recommendation for a kidney transplant for Plaintiff.  In response, and in support of his own motion, Plaintiff has submitted various medical records, including records purporting to be from the United States Medical Center for Federal Prisoners in Springfield, Missouri.  These records are unaccompanied by any affidavit and are therefore not competent summary judgment evidence.  In any event, a review of them indicates no recommendation that Plaintiff undergo a kidney transplant.[1]

In order to succeed under § 1983, Plaintiff must establish that Defendants have been deliberately indifferent to his serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).   Plaintiff has failed to meet this standard.   The Constitution does not require the best or the most efficient medical care.  Plaintiff's medical records do not support a finding that he has been denied necessary treatment or treated incorrectly for his condition.  The fact that he disagrees with his treatment and would prefer to have a kidney transplant rather than continue to undergo dialysis does not give rise to a constitutional claim.  *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

---

[1] The only portion of the medical records addressing Plaintiff's alleged need for a transplant is an undated notation in a history and physical update that states that Plaintiff "may be a suitable candidate for renal transplantation." [38] at 14.

Accordingly, Defendants' motion for summary judgment is granted, Plaintiff's motion for summary judgment is denied, and this matter is dismissed with prejudice. A separate judgment will be entered.

SO ORDERED this the 11th day of August , 2015.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE